Nor can the fees of attorney be allowed in favor of the wife in this proceeding.

In Benedict v. Holmes, 104 La. 528, 29 So. 256, an attorney fee was allowed where the wife had been successful in her suit for separation.

*That suit* was brought by the attorney on a quantum meruit.

Also Lester v. Lester, 160 La. 708, 107 So. 499, and in Balfe v. Balfe, 165 La. 284, 115 So. 489.

In all of these cases the wife was successful in her suit for separation, and hence she was held entitled to recover the attorney fees paid or incurred by her.

But in the instant case the wife has been unsuccessful in her demand for separation and she is therefore not entitled to recover the fee in her own name, for the reason that she cannot sue the husband during the community to recover a debt.

This does not mean, however, that the attorney who represented the wife in her unsuccessful demand for separation is not entitled to recover his fee against the husband.

Such attorney may recover on a quantum meruit. Delpit v. Young, 52 La. Ann. 1071, 27 So. 583. Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A. L. R. 310; Id., 164 La. 398, 113 So. 889.

For the reasons assigned, the judgment appealed from is set aside, and the demand of the plaintiff for divorce is rejected.

The reconventional demand of the defendant for separation is also rejected without prejudice of the right of defendant's attorney to sue the husband for a fee for his services.

The plaintiff to pay all costs.

(129 So. 215)

## STEINBERG & CO. v. OSTROVSKY et al.

### No. 24719.

June 2, 1930.

John W. Lewis, of Opelousas, for appellants.

Burke & Smith, of New Iberia, for appellee.

ROGERS, J.

Plaintiff brought this suit to recover $5,079.-99 for money advanced the defendant Sam Ostrovsky in furtherance of his business as a dealer in hides and furs, and to annul as fraudulent simulations, or, alternatively, as executed in fraud of creditors, certain transactions of Ostrovsky with his co-defendant Charles Meyer. Defendants' exception of no cause of action was overruled, and, on the merits, there was judgment in favor of plaintiff for the amount sued for and annulling the transactions attacked in the petition. From this judgment defendants have appealed—Ostrovsky, devolutively, and Meyer, suspensively.

Appellants contend that the court below erred in overruling their exception of no cause of action, because plaintiff's petition is lack-

ing in the necessary specifications for a revocatory action, viz., fraud, injury, and knowledge. The contention is not well founded, and we find no error in the ruling complained of. A careful reading of plaintiff's petition discloses that it contains all the necessary allegations for the relief sought by plaintiff.

On the merits, the record discloses that during the years 1919 and 1920 plaintiff, Steinberg & Co., a commercial partnership, was engaged in business at New Iberia, and defendant Sam Ostrovsky was engaged in business at Opelousas. Under an agreement between the parties, plaintiff was to advance to Ostrovsky certain sums of money, and Ostrovsky was, in turn, to ship to plaintiff all the furs and hides purchased by him. In pursuance of this agreement, plaintiff advanced Ostrovsky on various dates between January 5, 1920, and August 2, 1920, both inclusive, a total of $6,849.32. On various dates between January 6, 1920, and October 8, 1920, both inclusive, Ostrovsky shipped plaintiff hides and furs of the aggregate value of $1,769.13. The balance due plaintiff on the latter date, viz., October 8, 1920, by Ostrovsky was $5,080.19. The suit is for $5,079.99. There is no dispute as to this amount; the defendant Ostrovsky admitting, on the trial, its correctness. The controversy between the parties is over the validity, vel non, of the transactions attacked in plaintiff's petition. These are a chattel mortgage executed by Ostrovsky in favor of his codefendant, Meyer, on October 9, 1920, and an act purporting to dissolve a partnership between Ostrovsky and Meyer and to transfer by dation en paiement to Meyer all the assets of Ostrovsky. This act was executed on October 15, 1920.

On August 17, 1920, the defendants Ostrovsky and Meyer, who were close personal and business friends, formed a partnership for the purpose of dealing in hides, furs, and other merchandise. At the time of the formation of this partnership, Ostrovsky was indebted to the plaintiff, Steinberg & Company, in the sum of $5,625.23. Ostrovsky also had in his possession, stored in a warehouse in the city of Opelousas, 60,000 pounds of green salted hides which he had purchased from various parties. On October 8, 1920, which was the day Ostrovsky executed the chattel mortgage in favor of Meyer, Ostrovsky reduced his indebtedness to plaintiff by a shipment of merchandise valued at $445.04. Thereafter he made no further shipment or payment on account of his indebtedness. The chattel mortgage was given by Ostrovsky to Meyer to secure an alleged indebtedness to the latter of $10,000. The chattels mortgaged consisted of 50,000 pounds of green salted hides, owned by Ostrovsky personally, the undivided interest of the mortgagor in 13,000 pounds of green salted hides belonging to the partnership of Meyer & Ostrovsky and one Nash one-ton truck purchased from Leon S. Haas, of Opelousas.

In the act of dissolution of partnership and dation en paiement executed on October 15, 1920, Ostrovsky transferred to Meyer 60,000 pounds of green salted hides, hereinabove referred to, which he had purchased prior to the formation of the partnership, and the Nash one-ton truck mentioned in the act of chattel mortgage. The purported consideration for the transfer was an alleged indebtedness of $6,665 due by Ostrovsky to Meyer, to secure which he had executed the chattel mortgage note of $10,000 on October 9, 1920, the assumption by Meyer of two notes of Ostrovsky, aggregating $2,500, held by the St. Landry Bank & Trust Company, of Opelousas, the delivery by Ostrovsky to Meyer of his note for $850, with interest, due six months after date, and the assumption by Meyer of all the obligations of the firm of Meyer & Ostrovsky.

The judge of the district court reached the conclusion, after hearing the parties, that Ostrovsky was not indebted at all to Meyer, and that Ostrovsky and Meyer were acting in collusion for the purpose of shielding Ostrovsky's property from the pursuit of his creditors. Our examination of the record has led us to the same conclusion.

Plaintiff placed both defendants, Ostrovsky and Meyer, on the stand under cross-examination, and from the testimony of these witnesses, themselves, established its case prima facie. Defendants made no attempt whatever to rebut the case as thus made out. They made no attempt to establish the alleged indebtedness of $6,665 of Ostrovsky to Meyer. In the chattel mortgage, which was executed only six days prior to the dation en paiement, the indebtedness was represented to be $10,000. The case was called for trial on April 15, 1921, six months after the date of the execution of the dation en paiement; nevertheless the defendants failed to show the payment, either wholly or partially, by Meyer of the notes of Ostrovsky held by the St. Landry Bank & Trust Company, or any arrangement with the bank concerning the notes. Neither did defendants show the payment by Meyer of his note for $850, due six months after date, and given ostensibly to Ostrovsky in part payment of the price of the chattels transferred to Meyer by the act of October 15, 1920. Nor did defendants submit any statement of any indebtedness of the defunct firm of Meyer & Ostrovsky that was paid or assumed by Meyer. No accounting is made of the 13,000 pounds of green salted hides belonging to the partnership of Meyer & Ostrovsky referred to in the act of chattel mortgage. Nor is any satisfactory explanation offered by the defendants as to why Meyer, purporting to hold the large claim of $6,665 against Ostrovsky, should not have proceeded at once to enforce his claim, either un-

der the alleged chattel mortgage or otherwise, against the 60,000 pounds of salted hides and the one-ton truck, belonging to his alleged debtor, instead of assuming a personal indebtedness of $3,350 to accomplish the same result.

For the reasons assigned, the judgment appealed from is affirmed, at the appellants' cost.